IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

SANDY SPRING BANK

Plaintiff
v.

TOP FLIGHT AIRPARK OFFICE                    1:18CV521 TSE/IDD
LIMITED PARTNERSHIP *et al.*

Defendants

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendants Top Flight Airpark Office Limited Partnership ("Top Flight") and Barrie

Peterson ("Peterson") hereby oppose Plaintiff's motion for summary judgment.  Defendants

incorporate their Statement of Material Facts in Dispute, the Affidavit of Barrie M. Peterson and

the Affidavit of Barrie M. Peterson Pursuant to Fed. R. Civ. P. 56 (d) into this Opposition, and

state as follows:

While the Bank seeks to portray this action as a simple suit to enforce a promissory note,

the case is far more complicated than stated by the Bank.  In addition to the named parties, there

was an additional guarantor not referred to by the Bank, First Flight Limited Partnership, a

related entity that pledged a $20 million dollar property as collateral for the $5.65 million loan.

First Flight is under the protection of the United States Bankruptcy Court for the District of

Maryland.  As part of the First Flight bankruptcy, it and the Bank entered into three Cash

Collateral orders.  In those orders, the Bank agreed to accept payments of interest only.  The

orders further provided that the failure to make those payments (but not the payments called for

in the Note) constituted an event of default.  Because all post-petition interest payments have

been made, it is not conceivable that the amount of interest due has increased during the pendency of the Chapter 11.

Moreover, there is a genuine issue of material fact about the Bank's right to collect late fees.  As the Peterson affidavit demonstrates, the President of WashingtonFirst Bank repeatedly assured Peterson that the late fees would be waived.  Because this case is in its earliest stages, Defendants have not had the opportunity to depose Mr. Connor or obtain any documents that may exist that memorialize that agreement.  Therefore, pursuant to Fed. R. Civ. P. 56 (d), Defendants submit an affidavit that they have been unable to secure discovery from Mr. Connor, and request that any ruling on the motion be deferred.

Lastly, the Bank claims to have incurred over $33,000 in legal fees (and counting) without producing a single bill, time entry or explanation.  At a minimum, it is incumbent on the Bank to describe the services rendered, the qualifications of counsel, the rates charged and that the charges are fair and reasonable in light of the nature of the case and the locale.

Thus, there are genuine issues of material fact and questions of law that preclude the grant of summary judgment.

STANDARD OF REVIEW

The Supreme Court redefined the use of motions for summary judgment in both *Matsushita El. Industrial Co. v. Zenith Radio*, 475 U.S. 574 (1985) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1985).  The Court, in *Anderson*, citing Rule 56 (c), noted that

> By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
>   As to materiality, the substantive law will identify which facts are material.  Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Anderson* 477 U.S. at 247, 248 (citations omitted.)

"The purpose of summary process is to avoid a clearly unnecessary trial," *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed.Cir.1991) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), and "it is not designed to substitute lawyers' advocacy for evidence, or affidavits for examination before the fact-finder, when there is a genuine issue for trial." *Continental Can Co.,* 948 F.2d at 1265.

The moving party has the threshold burden of informing the court of the basis of the motion, of establishing that there is no genuine issue of material fact, and of showing that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); see also *Castillo v. Emergency Med. Assoc.*, 372 F.3d 643, 646 (4th Cir. 2004).  Once the moving party satisfies this threshold showing under Rule 56(c), the burden of production, not persuasion, shifts to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The non-movant must "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. "The plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322, 106 S.Ct. at 2552. Thus, to defeat summary judgment, the non-movant must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that a genuine issue of material fact exists. *See id*. at 324, 106 S.Ct. at 2553. Due to the multitude of disputed facts at this early stage of litigation, the motion must be deferred or denied.

ARGUMENT

WASHINGTONFIRST AGREED TO WAIVE LATE FEES

The claimed late fees are disputed.  As the Peterson affidavits demonstrate, there is, at a minimum, the need for additional discovery about the Bank's right to collect late fees.  While the Note was owned by WashingtonFirst, its president, George Connor, agreed, on multiple occasions, to waive the late fees.  Peterson affidavit at 13.  Despite the waiver, Sandy Spring continues to bill the late fees and seeks to collect them.

The Note and related loan documents are governed by Maryland law.  *See*  Note, ‖ 19. (Ex. A. in support of Bank's motion).  Under long established Maryland law, a written contract can be modified by an oral agreement despite an express provision that it may only be modified by a writing.  *Hovnanian v. Annapolis Towne Centre*, 25 A. 3d 967 (2011) citing *Freeman v. Stanbern Const. Co.*, 205 Md. 71, 106 A.2d 50 (1954).  In *Hovnanian*, the court went on to state that "Yet, "whether subsequent conduct of the parties amounts to a modification or waiver of their contract is generally a question of fact to be decided by the trier of fact." *University Nat'l Bank v. Wolfe*, 279 Md. 512, 523, 369 A.2d 570, 576 (1977). . . . Indeed, the waiver inquiry requires resolution of many factual disputes and drawing of factual inferences. We look to the totality of a party's actions when determining whether waiver, or modification of the contract, has occurred." *Id.* at 983.  Here, as in that case, there is a question of fact about whether a contractual provision was waived.  Peterson claims an express waiver, a contention that the Bank will surely dispute.  The amount, $93,709.94, is material.  The determination of the waiver issue is particularly inappropriate for summary judgment.  Thus, the motion should be denied.

4

ALL INTEREST PAYMENTS HAVE BEEN MADE PURSUANT TO THE CASH COLLATERAL ORDERS.

As noted in the Peterson Affidavit at 10-12, First Flight Limited Partnership, a guarantor of the Note and owner of the Collateral, filed for Chapter 11 protection on June 17, 2017. During the bankruptcy, it entered into three cash collateral orders with WashingtonFirst Bank, which then owned the note.  The Cash Collateral orders each provided that First Flight was not in default provided *inter alia* that it made monthly interest payments to WashingtonFirst.  It is undisputed that each payment was made during and since the entry of each order. Moreover, it was Peterson's understanding that the interest payments made pursuant to the Cash Collateral order constituted all of the interest that was due.  Despite the making of interest payments during the bankruptcy, the Bank claims that the amount of unpaid interest has increased during the pendency of the bankruptcy.  The Bank offers no accounting, no loan history and no affidavit to support its claimed feat.  Thus, there is a genuine issue of material fact about the amount of the indebtedness that precludes the grant of summary judgment.

THE BANK HAS NOT ESTABLISHED THAT THE ATTORNEY'S FEES ARE FAIR AND REASONABLE.

While the Bank seeks to recover in excess of $33,000 in attorney's fees, it provides no documentation of when the fees were incurred, what law firm was used, what the qualifications were of counsel or what hourly rate was charged.  The right to attorney's fees is not absolute and is subject to judicial review. Under Maryland law, attorney's fee provisions are contracts of indemnity.  *SunTrust v. Goldman*, 29 A. 3d 724, 728 (2011) (rejecting percentage recovery of attorney's fees on a confessed judgment note).  The fees must be reasonable and consistent with the Rules of Professional Conduct.  *Id*. at 730.

5

The Bank's recitation of the amount it has been billed is only the beginning, not the end of the inquiry.  It has failed to provide any information from which this Court can determine whether the attorney's fees are fair and reasonable.  Thus, there is a genuine issue of material fact that precludes the grant of summary judgment as to the amount of attorney's fees.

CONCLUSION

There are genuine issues of material fact affecting the Bank's entitlement to interest, late fees and attorney's fees.  Given those genuine issues, summary judgment is not appropriate.

WHEREFORE, Defendants request that the motion for summary judgment be denied.

Respectfully submitted,

___/s/ Joel S. Aronson_____
Joel S. Aronson 42112
RIDBERG ARONSON LLC
6411 Ivy Lane
Suite 405
Greenbelt MD 20770
301 907 6555
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2018, a true copy of the foregoing was served via ECF  to Kevin O'Donnell.

___/s/ Joel S. Aronson_____
Joel S. Aronson 42112
RIDBERG ARONSON LLC
6411 Ivy Lane
Suite 405
Greenbelt MD 20770
301 907 6555
Attorneys for Defendants

6