IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| SANDY SPRING BANK<br><br>Plaintiff<br>v.<br><br>TOP FLIGHT AIRPARK OFFICE<br>LIMITED PARTNERSHIP *et al.*<br><br>Defendants | 1:18CV521 TSE/IDD |

## AFFIDAVIT OF BARRIE M. PETERSON

I, Barrie M. Peterson, being duly sworn, do hereby state as follows:

1. I am over 18 years of age and am competent to testify.
2. I am the president of the general partner of Top Flight Airpark Office Limited Partnership ("Top Flight").
3. I am also the president of the general partner of First Flight Limited Partnership ("First Flight").
4. I am also a guarantor of the subject loan.
5. On June 12, 2008 Top Flight borrowed $5,650,000 from Alliance Bank as evidenced by a Deed of Trust Note (the "Note").
6. The loan was secured by an Indemnity Deed of Trust and Security Agreement ("Deed of Trust") executed by First Flight granting the Bank a lien on commercial property known as 18450 Showalter Dr., Hagerstown, Washington County, Maryland.
7. First Flight also executed a non-recourse guaranty of the Note.
8. On or about June 25, 2017 First Flight sought bankruptcy protection under Title 11, Chapter 11 of the U.S. Code in the United States Bankruptcy Court for the District of Maryland, Case 17-18645. Although a motion to dismiss that case is pending, the case remains an active Chapter 11 case as of the execution of this Affidavit.
9. After the First Flight bankruptcy was filed, First Flight and WashingtonFirst Bank, which was then the alleged holder of the note, entered into three Cash Collateral Orders, true and accurate copies of which are attached hereto as Exhibits A-C.
10. Under the terms of the Cash Collateral Order, First Flight was to make monthly payments of interest in the amount of $19,862.70 per month. First Flight has made each and every interest payment as required.
11. The $19,862.70 interest figure was intended to represent all of the interest due per month under the terms of the Note.

12. Despite the fact that **all** interest has been paid, Sandy Spring, in its motion, claims that the amount of unpaid interest due has increased. That is simply not the case.
13. Moreover, I had an understanding with George Connors, the then-President of WashingtonFirst Bank, that all late charges would be waived when the loan was brought current. Mr. Connors reiterated that statement to me on multiple occasions, even after the entry of the Third Cash Collateral Order entered on December 12, 2017.
14. Despite that explicit modification of the term of the loan, Sandy Spring is seeking late fees to which it is not entitled.
15. I also fail to comprehend how that Bank has incurred over $33,000 in legal fees in connection with this loan. I have not been provided with any information about how those fees have been incurred.

I hereby declare under penalty of perjury that the contents of the forgoing affidavit are true and correct.

Date: June 19, 2018

Barrie M. Peterson